IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-482-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALI RESHEED BRUNSON | ) | |
| | ) | |
| _____ | ) | |

      The defendant pled guilty in this court and was sentenced upon his plea to Counts 2 and 3, both of which charged him with possession with intent to distribute a quantity of cocaine base. At sentencing, the court ruled adversely to the defendant on the issue of whether a firearm was present at the commission of the relevant crime.

      No direct appeal of the conviction and sentence was taken by the defendant.

      Brunson now returns to this court with a motion seeking to have this court "clarify" his sentence. Specifically, he indicates that this court has the authority to remove the gun enhancement which had the effect of increasing his advisory sentencing guideline and also has the secondary effect of making him ineligible for the intensive drug program at the Bureau of Prisons (a program which might allow the defendant to reduce the sentence he ultimately serves).

      The court is constrained to deny the motion. As indicated above, this very issue was presented to the court at the sentencing hearing and resolved adversely to the defendant. He did not appeal from that decision. This court has now lost jurisdiction to modify the sentence

in any way. For the foregoing reasons, the motion to clarify (ECF No. 88) is denied.[1]

       IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 30, 2012　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge

---

[1] It is noted for the record that in his motion, the defendant goes to great pains to explain that he is not desiring to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 at this time.